IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERARDO CHÁVEZ CETPERO,<br>Petitioner,<br><br>v.<br><br>WARDEN, PRAIRIELAND<br>DETENTION CENTER, ET AL.,<br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:26-cv-02725-E (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Gerardo Chávez Cetpero filed a pro se habeas petition under 28 U.S.C. § 2241 challenging his immigration detention. Pet. (ECF No. 3). A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (per curiam) (affirming summary dismissal of § 2241 petition); *see also* Rule 1(b) of the Rules Governing § 2254 Cases (providing that the § 2254 rules apply to habeas petitions not covered under § 2254); Rule 4 of § 2254 Rules ("If it plainly appears from the petition…that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Upon review, the District Judge should summarily dismiss the petition without prejudice as premature.

## Background

Petitioner—a native and citizen of Cuba—has been detained by Immigration and Customs Enforcement (ICE) since August 13, 2024, when he was released from federal prison after serving a 30-month term for alien smuggling. Pet. at 1-3. According to publicly available Government records, of which the Court takes judicial notice, an immigration judge (IJ) ordered his removal on August 4, 2025. https://acis.eoir.justice.gov/en/caseInformation (last visited August 18, 2026; search for A#208-911-499). Petitioner appealed his removal order, but the Board of Immigration Appeals (BIA) dismissed his appeal on May 6, 2026. *Id.*

On August 14, 2026, Petitioner filed this habeas petition under § 2241 claiming that his detention has lasted beyond "the period reasonably necessary to accomplish its legitimate purpose" and is now unconstitutionally prolonged. Pet. at 4-5. He seeks immediate release from ICE custody or an individualized bond hearing at which the Government must justify his continued detention. *Id.* at 6.

## Legal Standards and Analysis

Because Petitioner has not been detained under a final removal for over six months, his petition is premature.

An IJ's removal order becomes final "upon dismissal of an appeal by the [BIA]." 8 C.F.R. § 1241.1(a). And ordinarily, the Government must remove an alien within ninety days of a final order of removal. 8 U.S.C. § 1231(a)(1)(A). During the ninety-day removal period, the government "shall detain" the alien. *Id.* § 1231(a)(2)(A). If an alien is not removed in the removal period, "[s]ection

1231(a)(6) provides, among other things, that…[the] alien 'may be detained beyond the removal period' in the discretion of the Attorney General." *Demore v. Kim*, 538 U.S. 510, 527 (2003). In *Zadvydas v. Davis*, the Supreme Court held indefinite detention pursuant to 8 U.S.C. § 1231(a)(6) would "raise a serious constitutional problem." 533 U.S. 678, 690 (2001). The Supreme Court therefore interpreted § 1231(a)(6) to permit detention beyond the ninety-day removal period only for a period reasonably necessary to secure the alien's removal. *Id.* at 689. It concluded that six months beyond the removal period was presumptively reasonable, but after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Petitioner's removal order became final on May 6, 2026, when the BIA dismissed his appeal. *See De Faria Teixeira v. Whitaker*, 2019 WL 13219839, at *2 (W.D. Tex. Apr. 29, 2019) ("Petitioner's removal order became final…when the BIA dismissed her appeal.") (citing 8 C.F.R. § 1241.1(a)); *see also Ramezannejad v. Garcia*, 2026 WL 1555999, at *2 (S.D. Tex. May 29, 2026) (same). Thus, he has not been detained under § 1231(a) longer than *Zadvydas's* presumptively reasonable six-month period, and his petition is premature. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 317-18 (5th Cir. 2011) (per curiam) (affirming dismissal of post-removal-order detention challenge as premature; noting that six-month period following date on which removal order becomes final must have elapsed

before filing of habeas petition challenging confinement under *Zadvydas*); *see also* *Miguel H. G. Vargas v. Vergara*, 2026 WL 1216763, at *2 (S.D. Tex. Apr. 16, 2026) (denying habeas petition as premature because the petitioner's detention was within the initial six-month period of presumptively valid detention).

**Recommendation**

The District Judge should summarily dismiss Petitioner Gerardo Chávez Cetpero's habeas petition without prejudice as premature.

SO RECOMMENDED.

August 27, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).